UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARLON RAMOS,  )
 ) CASE NO. C11-1202-MJP-MAT
    Petitioner, )
 )
v. ) REPORT AND RECOMMENDATION
 )
ICE FIELD OFFICE DIRECTOR, )
 )
    Respondent. )
_____ )

On July 19, 2011, petitioner, a native and citizen of Honduras, filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his immigration detention by the United States Immigration and Customs Enforcement ("ICE"). (Dkt. 7.) As relief, he requested that this Court order ICE to release him on supervised release or on bond. *Id*. at 2. On August 30, 2011, however, respondent filed a motion to dismiss along with documentation, which indicates that petitioner was released from immigration custody pursuant to a posting of bond imposed by an Immigration Judge. (Dkts. 13 and 14.) Respondent asserts that this matter has become moot and should be dismissed. (Dkt. 13 at 2.)

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court

REPORT AND RECOMMENDATION
PAGE -1

jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). For a federal court to have jurisdiction, "an actual controversy must exist at all stages of the litigation." *Biodiversity Legal Foundation v. Badgley*, 309 F.3d 1166, 1173 (9th Cir. 2002). "When a controversy no longer exists, the case is moot." *Id*. "For a habeas petition to continue to present a live controversy after the petitioner's release . . . there must be some remaining collateral consequence that may be redressed by success on the petition." *See Abdala v. Immigration and Naturalization Serv.*, 488 F.3d 1061, 1065 (9th Cir. 2007) (internal quotation marks omitted).

Here, the record shows that petitioner was released from ICE custody on bond in the amount of $9,000 on August 3, 2011. (Dkt. 14.) Because petitioner has received the relief sought in his habeas petition – release on bond – the Court finds that petitioner's habeas petition is moot and should be dismissed. *See Abdala*, 488 F.3d at 1065 (holding that removal mooted habeas challenge to length of detention); *see also Picrin-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) (finding that because petitioner only requested release from custody and had been released, the court could provide no further relief and the petition was properly dismissed).

A proposed Order accompanies this Report and Recommendation.

DATED this <u>1st</u> day of September, 2011.

Mary Alice Theiler
United States Magistrate Judge